UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.: 1:22-cv-1263

JAMI MERCER,

    Plaintiff,

v.

SACRAMENTO SANSOME CO; LINCOLN PROPERTY COMPANY COMMERCIAL, INC.; and JOHN DOES I-V.,

    Defendants.

_____

## NOTICE OF REMOVAL
_____

Please take notice that Defendants Sacramento Sansome Co. and Lincoln Apartment Management Limited Partnership, improperly named as Lincoln Property Company Commercial, Inc., (collectively "Defendants"), by and through their attorneys Paul T. Yarbrough and Elizabeth K. Olson at Hall & Evans, LLC, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby file their Notice of Removal of this action from the District Court, Jefferson, State of Colorado, to the United States District Court for the District of Colorado. The grounds for this removal are that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00.

### I.    INTRODUCTION

1. The present State Court Action was initiated by the Plaintiff on April 19, 2022, by the filing of Plaintiff's Complaint and Jury Trial Demand ("Complaint") captioned *Jami Mercer v. Sansome Sacramento Co, Lincoln Property Company Commercial, Inc.,*

*and John Does I-V,* Jefferson County District Court, Case No. 2022CV30448 ("State Court Action").  *See* Civil Case Cover Sheet, attached as **Exhibit A**; Complaint, attached as **Exhibit B**.

2. Plaintiff alleges on or about May of 2020, she was a tenant at The Retreat at Fox Hollow, 3248 South Newcombe Street, Lakewood, Colorado 80227 in unit #9206 and that she became ill while residing in the apartment.  *See* **Exhibit B**, ¶¶8-9.

3. Plaintiff asserts a premises liability claim against Defendants. *See* **Exhibit B**.  Plaintiff is seeking damages in excess of $100,000.00 against Defendants.  *See* Civil Case Cover Sheet attached as **Exhibit A**.

## II. COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On April 21, 2022, Plaintiff served her Complaint, Summons, and Civil Case Cover Sheet on Defendant Sacramento Sansome Co.  *See* Affidavit of Service for Defendant Sacramento Sansome Co., attached as **Exhibit C**.   On April 22, 2022, Plaintiff served her Complaint, Summons, and Civil Case Cover Sheet on Defendant Lincoln Property Company Commercial, Inc.  *See* Affidavit of Service for Defendant Lincoln Property Company Commercial, Inc., attached as **Exhibit C**.

6. This Notice of Removal is being served within 30 days of service of the Complaint on Defendants.  *See* Fed. R. Civ. P. 6(a)(1) (to compute a period of time stated in days, count every day, including weekends and legal holidays, excluding the day of the event that triggers the period and including the last day, unless it falls on a weekend or

legal holiday). Thus, pursuant to 28 U.S.C. §§ 1441 and 1446(b), the removal is timely.

7. A copy of this Notice of Removal will be filed with the State Court Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint and Jury Trial Demand |
| **Exhibit C** | Civil Procedure Order (16) |
| **Exhibit D** | Summons |
| **Exhibit E** | Return of Service of Summons, District Court Civil Cover Sheet and Complaint and Jury Trial Demand on Sacramento Sansome Co |
| **Exhibit F** | Return of Service of Summons, District Court Civil Cover Sheet and Complaint and Jury Trial Demand on Lincoln Property Company Commercial, Inc., |
| **Exhibit G** | Defendant Sacramento Sansome Co's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Plaintiffs Complaint |
| **Exhibit H** | Proposed Order Re: Defendant Sacramento Sansome Co's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiffs Complaint |
| **Exhibit I** | Order Re: Defendant Sacramento Sansome Co's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiffs Complaint |
| **Exhibit J** | District Court Docket |
| **Exhibit K** | Notice of Filing Notice of Removal |

9. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or

motions are pending, nor has any trial been set in the State Court Action.

10. Pursuant to Fed.R.Civ.P. 81(c), Defendants will present their defenses by pleading at the time prescribed herein, and specifically reserve their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III. DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

#### A. Diversity of Citizenship

13. For purposes of diversity jurisdiction, an individual is considered a citizen of the state in which he or she is domiciled. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Plaintiff is a citizen and domiciliary of the state of Colorado. See **Exhibit B**, ¶1.

14. Defendant Sacramento Sansome Co. is a limited partnership, whose principal office address is 119 Carbonate Street, Cripple Creek, Colorado 80813. A partnership's citizenship is determined by the citizenship of its members. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1013 (2016) ("But for the limited exception of jurisdictional citizenship for corporations, this Court continues to "adhere to [the] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends

4

on the citizenship of 'all [its] members.'") (internal citations omitted). None of Sacramento Sansome Co.'s member constituents are domiciled in Colorado, and, therefore, none are citizens of Colorado.

15. Defendant Lincoln Property Company Commercial, Inc. is a corporation organized in the state of Texas, whose principal office address is 2000 McKinney Ave., Suite 1000, Dallas, TX 75201.  *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

16. Lincoln Apartment Management Limited Partnership is a limited partnership, whose principal office address is 2000 McKinney Ave., Suite 1000, Dallas, TX 75201.  None of Lincoln Apartment Management Limited Partnership's member constituents are domiciled in Colorado, and, therefore, none are citizens of Colorado.

17. "Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal."  *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (citing 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

18. As Plaintiff is a citizen of the state of Colorado and Defendants are citizens of states other than Colorado, there is complete diversity of citizenship for purposes of removal. 28 U.S.C. § 1441(b).

19. For purposes of federal diversity jurisdiction, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

### B.     Amount in Controversy

20.     28 U.S.C. § 1446(c) provides, in relevant part:

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
(A) The notice of removal may assert the amount in controversy if the initial pleadings seeks –
(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

21.     28 U.S.C. § 1446(3) further provides that a case may be removed and the amount in controversy may be satisfied by receipt of an "other paper" from which it may be determined that the amount in controversy has been met.  28 U.S.C. § 1446(3).

22.     The United States Court of Appeals for the Tenth Circuit has held that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a State Civil Case Cover Sheet provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal.  *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1273 (10th Cir. 2016).

23.     Plaintiff's Civil Case Cover Sheet filed in the State Court Action states that Plaintiff seeks a monetary judgment over $100,000.  See **Exhibit A**, p. 2.  Therefore, the amount-in-controversy requirement has been met.

WHEREFORE, Defendants hereby remove the above captioned case from the State of Colorado, Jefferson County District Court, to the U.S. District Court for the District of Colorado as provided by law and will proceed with this action as if it had originally been commenced in this Court.

Dated: May 20, 2022

Respectfully submitted,

HALL & EVANS, LLC

By: *s/ Elizabeth K. Olson*
Elizabeth K. Olson, #41620
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Phone Number: (303) 628-3300
Fax Number:    (303) 628-3368
Email: olsone@hallevans.com
*Attorneys for* Sacramento Sansome Co. and Lincoln Apartment Management Limited Partnership, improperly named as Lincoln Property Company Commercial, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed electronically via CM/ECF with notifications sent to the following:

*/s/ Robin Havens*
Robin Havens, Legal Assistant