| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>Court address:   100 Jefferson County Parkway<br>                       Golden, Colorado 80401 | DATE FILED: April 19, 2022 1:51 PM<br>FILING ID: 676535A278E00<br>CASE NUMBER: 2022CV30448 |
| **Plaintiff:**     JAMI MERCER<br><br>v.<br><br>**Defendants:**   SACRAMENTO SANSOME CO; LINCOLN PROPERTY COMPANY COMMERCIAL, INC.; and JOHN DOES I-V. | |
| Attorney for Plaintiff:<br>Thomas A. Bulger, Reg. #29390<br>Silvern & Bulger, P.C.<br>4800 Wadsworth Blvd., Suite 307<br>Wheat Ridge, Colorado 80033<br>Phone Number: 303-292-0044<br>Fax Number: 303-292-1466<br>e-mail: counsel@silvernbulger.com | Case No.:<br><br><br><br>Div.: |
| **COMPLAINT AND JURY TRIAL DEMAND** | |

COMES NOW the Plaintiff, Jami Mercer, by and through her undersigned counsel, Thomas A. Bulger, of Silvern & Bulger, P.C., and respectfully submits her Complaint and Jury Trial Demand and respectfully states as follows:

## PARTIES

1.      Plaintiff, Jami Mercer, is a natural person and citizen of the State of Colorado, whose address is 11766 West Chenango Drive, #7, Morrison, Colorado 80465.

2.      Defendant, Sacramento Sansome Co. ("Sansome") is a foreign limited partnership which regularly conducts business in the State of Colorado.  The Defendant's registered agent for service of process is Registered Agent Solutions, Inc., 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

**EXHIBIT B**

3. Defendant, Lincoln Property Company Commercial, Inc. ("Lincoln Property") is a limited liability company which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is C T Corporation System.

4. John Does I-V are a series of fictitious names for the other entities and/or individuals who may have been involved in the subject incident, including but not limited to snow removal companies or other entities, if any, that were responsible for the conditions alleged herein. Plaintiff reserves the right to amend this Complaint if such entities are identified.

## JURISDICTION AND VENUE

5. Pursuant to the C.R.C.P. and/or other applicable case law, this Court has jurisdiction over Plaintiff's claims for personal injuries which arise out of an injury that occurred in the City of Lakewood, County of Jefferson, Colorado.

## STATEMENT OF THE FACTS

6. At all pertinent times, Plaintiff was a tenant of and therefore an "invitee" of the apartment complex owned, managed and/or operated by the above-listed Defendants.

7. At all pertinent times, the above-listed Defendants were responsible for the condition, maintenance and upkeep of the apartment complex.

8. In or around May of 2020, the Plaintiff was a tenant at The Retreat at Fox Hollow, 3248 South Newcombe Street, Lakewood, Colorado 80227. Plaintiff resided in unit #9206.

9. Plaintiff became ill while residing in the apartment.

10. On or about May 21, 2020, the apartment tested positive for mold.

11. Plaintiff alleges that Defendants failed to take reasonable precautions to make the premises safe for Plaintiff and/or others. As a result, the apartment where Plaintiff resided was unsafe and in a dangerous condition.

12. Upon information and belief, the conditions were present for a sufficient time such that Defendants knew or should have known of this dangerous condition but did not promptly correct the conditions and/or warn Plaintiff.

13. Plaintiff was injured as a result, including but not limited to loss and damage to her property, and various bodily injuries.

## **FIRST CLAIM FOR RELIEF – PREMISES LIABILITY**

14. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

15. At all pertinent times, Defendants were "landowners" of the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. §13-21-115, and therefore were responsible for any dangerous conditions on the property.

16. At all pertinent times, Plaintiff was an "invitee" as to the Defendants and the common areas of the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. §13-21-115.

17. Defendants failed to engage in reasonable efforts to make the subject premises safe and consequently created and perpetuated an unreasonable risk of injury to persons lawfully on the premises such as Plaintiff.

18. Defendants failed to use reasonable care in the inspection, management, and/or maintenance of the subject premises (as set forth herein) and in the operation of the activities on the premises and failed to correct and/or give adequate warning of the dangerous condition.

19. Defendants' wrongful conduct was the cause of Plaintiff's injuries and damages as set forth herein.

## **DAMAGES**

20. The Defendants' above-alleged wrongful conduct caused the injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to medical and related expenses; lost wages; past and future non-economic damages, including but not limited to bodily injury of a serious and permanent nature, including the aggravation of pre-existing conditions; pain and suffering; inconvenience; emotional stress; anxiety; loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses arising from Defendants' wrongful conduct as provided by law.

## **LEAVE TO AMEND**

21. Plaintiff respectfully requests leave to amend her Complaint to add or delete any claims or parties after discovery reveals the facts regarding same, including but not limited to a claim for exemplary damages.

WHEREFORE, Plaintiff respectfully requests damages against the Defendants, individually, jointly and/or severally as follows:

A. Compensatory damages as proven.

B. Cost of suit according to law, including but not limited to expert witness fees.

C. Attorney fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendants, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense.

D. Interest pursuant to C.R.S. §13-21-101 and/or other provision of law.

E. Such other and further relief as the Court deems fit.

## JURY DEMAND

Plaintiff respectfully demands TRIAL BY A JURY OF SIX (6) in the above cause, on all issues so triable.

Respectfully submitted this 19th day of April, 2022.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger*
Thomas A. Bulger
Attorney for Plaintiff

Plaintiff's address:
11766 West Chenango Drive, #7
Morrison, Colorado 80465