UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.: 1:22-cv-01263-SKC

JAMI MERCER,

    Plaintiff,

    v.

SACRAMENTO SANSOME CO; LINCOLN PROPERTY COMPANY COMMERCIAL, INC.; and JOHN DOES I-V.,

    Defendants.

_____

## ANSWER AND JURY DEMAND
_____

Defendants Sacramento Sansome Co. and Lincoln Apartment Management Limited Partnership, improperly names as Lincoln Property Company Commercial, Inc., (collectively "Defendants"), by and through their attorneys at Hall & Evans, LLC, submit their Answer and Jury Demand to Plaintiff's Complaint and Jury Trial Demand ("Complaint"), as follows:

    1.    Upon information or belief, Defendants admit that Plaintiff is a natural person and citizen of the state of Colorado. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint, and therefore, deny these allegations.

    2.    Defendants admit the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Lincoln Property Company Commercial, Inc. conducts business in the state of Colorado and that its registered agent is C T Corporation System, but deny that it is a limited liability company. However, Lincoln Property Company Commercial, Inc. is not the proper entity to be named in the lawsuit. Lincoln Apartment Management Limited Partnership is the entity with a property management agreement with Sacramento Sansome Co. for the subject property.

4. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations set forth in paragraph 4 of Plaintiff's Complaint, and therefore, deny these allegations.

## JURISDICTION AND VENUE

5. The allegations set forth in paragraph 5 of Plaintiff's Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 5 of Plaintiff's Complaint as this matter has been removed to federal court. Defendants specifically deny any tortious or culpable conduct on their part and deny causation for Plaintiff's alleged injuries and damages.

## STATEMENT OF THE FACTS

6. The allegations set forth in paragraph 6 of Plaintiff's Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations set forth in paragraph 6 of Plaintiff's Complaint, and therefore, deny these allegations.

7. The allegations set forth in paragraph 7 of Plaintiff's Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 7 of the Plaintiff's Complaint with respect to Lincoln Property Company Commercial, Inc. as it is not the property management company for the subject property and deny the allegations set forth in paragraph 7 of Plaintiff's Complaint with respect to Sacramento Sansome Co. to the extent they misstate, are contrary to, or are inconsistent with any retained responsibilities for the subject property under the property management agreement.

8. Upon information or belief, Defendants admit the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations set forth in paragraph 9 of Plaintiff's Complaint, and therefore, deny these allegations.

10. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations set forth in paragraph 10 of Plaintiff's Complaint, and therefore, deny these allegations.

11. Defendants deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

## **FIRST CLAIM FOR RELIEF – PREMISES LIABILITY**

14. Defendants incorporate their responses to paragraphs 1 through 13 of Plaintiff's Complaint as though fully set forth herein.

15. The allegations set forth in paragraph 15 of Plaintiff's Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Complaint as to Lincoln Property Company Commercial, Inc. for the reasons set forth previously herein and are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations set forth in paragraph 15 of Plaintiff's Complaint as to Sacramento Sansome Co., and therefore, deny these allegations.

16. The allegations set forth in paragraph 16 of Plaintiff's Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations set forth in paragraph 16 of Plaintiff's Complaint, and therefore, deny these allegations.

17. Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

## **DAMAGES**

20. Defendants deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.

## **LEAVE TO AMEND**

21. Defendants deny that there is any basis for a claim for exemplary damages, and state that Plaintiff must demonstrate prima face proof of a triable issue before she would be allowed to add a claim for punitive damages. With respect amending on any other basis, Plaintiff's request must be timely, and her request must not be futile. Defendants reserve the right to oppose amendment by Plaintiff on any appropriate basis.

22. Defendants deny that Plaintiff is entitled to any of the relief requested in her "Wherefore" clause.

23. Defendants specifically deny any allegation not expressly admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to Lincoln Property Company Commercial, Inc.

2. Plaintiff's claims and damages are barred or reduced by the provisions of the Colorado Premises Liability Act, C.R.S. § 13-21-115.

3. Plaintiff's claims may be barred by the statute of limitations.

4. The negligence of Plaintiff was equal to or greater than the alleged negligence of Defendants, if any, which liability Defendants expressly deny, and, therefore, the recovery sought by Plaintiff must be eliminated or proportionately reduced on a comparative basis in accordance with C.R.S. § 13-21-111 (comparative negligence). Plaintiff may have failed to follow the guidance and notification procedures in the Mold Information and Prevention Addendum in her Lease Agreement.

5. Plaintiff's claims may be barred in whole, or reduced in part, pursuant to C.R.S. § 13-21-111.7 (assumption of risk). Plaintiff may have assumed the risk of injury by failing to follow the guidance and notification procedures in the Mold Information and Prevention Addendum in her Lease Agreement.

6. Any judgment of liability against Defendants, if any, is limited to the degree of negligence attributable to Defendants pursuant to C.R.S. § 13-21-111.5 (pro rata liability).

7. Defendants reserve the right to designate any non-parties at fault in accordance with C.R.S. § 13-21-111.5.

8. Plaintiff may have failed to mitigate her claimed injuries and damages, if any. Plaintiff may have failed to follow reasonable medical advice and instructions of attending physicians and health care providers.

9. Plaintiff's alleged damages must be reduced by any payments received from any collateral sources pursuant to C.R.S. § 13-21-111.6.

10. Plaintiff's injuries and damages, if any, were the result of unforeseeable circumstances that could not have been reasonably anticipated by Defendants, and Defendants are not legally responsible for Plaintiff's injuries or damages.

11. Plaintiff may not be the real party in interest, in whole or in part, to pursue her claim for damages if she has assigned any claims for damages or has liens regarding the damages alleged in the Complaint.

12. Plaintiff's injuries and damages, if any, may have been the result of a pre-existing condition with which the Plaintiff was afflicted or other conditions unrelated to the incident alleged herein for which Defendants are not responsible.

13. Plaintiff's injuries and damages, if any, are barred or limited by C.R.S. § 13-20-101.

WHEREFORE, Defendants respectfully request an order from this Court dismissing Plaintiff's Complaint, granting Defendants' expert fees and costs incurred herein as allowed by law, and such other and further relief as the Court deems just and proper.

**DEFENDANTS DEMAND TRIAL TO A JURY OF TWELVE (12) ON ALL ISSUES SO TRIABLE.**

Dated: May 27, 2022

Respectfully submitted,

HALL & EVANS, LLC


By: *s/ Elizabeth K. Olson*
Paul T. Yarbrough, #48518
Elizabeth K. Olson, #41620
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Phone Number: (303) 628-3300
Fax Number:    (303) 628-3368
Email: yarbroughp@hallevans.com;
olsone@hallevans.com
*Attorneys for Sacramento Sansome Co. and Lincoln Apartment Management Limited Partnership, improperly named as Lincoln Property Company Commercial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2022, a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** was filed electronically via CM/ECF with notifications sent to the following:

Silvern & Bulger, P.C.
Thomas A. Bulger, Esq.
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
Phone Number: (303) 292-0044
Fax Number: (303) 292-1466
Email: counsel@silvernbulger.com
Attorney for Plaintiff


*/s/ Robin Havens*
Robin Havens, Legal Assistant

8